**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **REMZA DRYWALL INC.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV106-LG-JMR** |
| | § | |
| **W.G. YATES & SONS** | § | |
| **CONSTRUCTION** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO STAY LITIGATION AND COMPEL ARBITRATION**

**THIS MATTER IS BEFORE THE COURT** on the Motion to Stay Litigation and

Compel Arbitration [4] of Defendant, W. G. Yates & Sons Construction Company ("Yates").

The Court finds that the arbitration agreements executed by the parties are enforceable.

Accordingly, Yates' Motion to Stay Litigation and Compel Arbitration is granted.

**FACTS**

Plaintiff, Remza Drywall Inc. ("Remza"), filed suit against Yates, seeking payment for

work allegedly completed at the following job sites pursuant to six subcontracts with Yates: Beau

Rivage Casino in Biloxi, Mississippi; Grand Dunes #2 in Miramar Beach, Florida; Grand Dunes

#1 in Miramar Beach, Florida; Ariel Dunes Tower #2, Destin, Florida; Palms Condominiums in

Destin, Florida; and Legacy Condominiums in Gulfport, Mississippi.  Each of the subcontracts

contained the following arbitration clause:

> Claims, disputes, and other matters in controversy between the Contractor and the
> Subcontractor (including any affiliates, agents, employees, representatives, and
> sureties of either of them) arising out of or relating to this Subcontract shall be
> decided by binding arbitration in accordance with the current and applicable rules
> and procedures of the American Arbitration Association, except if the Contractor
> in good faith believes that any claim, dispute, or matter in controversy with the
> Subcontractor also involves rights or liabilities of the Owner, Architect, or other
> third party, then, at the Contractor's sole election, the Subcontractor agrees to
> resolve such issues in the same forum or proceeding, including arbitration, court, or

administrative authority, which has jurisdiction over some or all claims, disputes, and matters in controversy involving the Owner, Architect, or other third party so as to promote economy and avoid inconsistent results. This also applies to any claim, dispute, or matter(s) in controversy or in question between the Subcontractor and any of the Contractor's employees or agents of the Contractor's affiliated businesses or their employees or agents. The agreement to arbitrate contained herein shall be specifically enforceable under the prevailing arbitration law.

(Ex. A - F to Yates' Mot. at ¶14.1). The subcontracts also require that arbitration take place in Philadelphia, Mississippi, "unless the Contractor agrees to designate another locale to facilitate joinder of parties to consolidate claims, or for any other reason." (Ex. A - F to Yates' Mot. at ¶14.2). Additionally, the subcontracts provide: "Notwithstanding anything contained herein to the contrary, the Subcontractor hereby waives all rights it might otherwise have to recover special[,] consequential, or punitive damages from the Contractor . . . ." (Ex. A - F to Yates' Mot. at ¶14.6).

## DISCUSSION

The determination of whether an arbitration clause is enforceable involves a two-step inquiry: (1) "whether the parties agreed to arbitrate [the] dispute;" and (2) "whether the legal constraints external to the parties' agreement foreclosed arbitration." *Hadnot v. Bay Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003)(quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "Where the issue is whether the parties have a valid and enforceable agreement to arbitrate, courts apply the contract law of the state governing the agreement." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). It is undisputed that the subcontracts at issue in this case are governed by Mississippi law. (Ex. A to Yates' Mot. at ¶14.0). The Mississippi Supreme Court has explained:

Absent a well-founded claim that an arbitration agreement resulted from the

sort of fraud or excessive economic power that "would provide grounds for
the revocation of any contract," the Arbitration Act "provides no basis for
disfavoring agreements to arbitrate statutory claims by skewing the otherwise
hospitable inquiry into arbitrability." . . . "[Q]uestions of arbitrability must be
addressed with a healthy regard for the federal policy favoring arbitration . .
. The Arbitration Act establishes that, as a matter of federal law, any doubts
concerning the scope of arbitrable issues should be resolved in favor of
arbitration, whether the problem at hand is the construction of the contract
language itself or an allegation of waiver, delay, or a like defense to
arbitrability."

*East Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (¶11) (Miss. 2002)(quoting *Shearson/Am. Exp.,*

*Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 24-25 (1983)).  Therefore, the defenses of fraud, unconscionability, duress,

and lack of consideration can be used to invalidate an arbitration agreement, as long as the law

under which the provision is invalidated is not applicable only to arbitration provisions.  *Taylor*,

826 So. 2d at 713 (¶12).  The party opposing arbitration has the burden of proving a defense to

arbitration.  *Norwest Financial Miss., Inc. v. McDonald*, 905 So. 2d 1187, 1193 (¶11) (Miss.

2005).

        Only unconscionability has been alleged in this case.  Unconscionability is "an absence of

meaningful choice on the part of one of the parties, together with contract terms which are

unreasonably favorable to the other party."  *Taylor*, 826 So. 2d at 715 (¶17).  The Mississippi

Supreme Court has also defined an unconscionable contract as "one such as no man in his senses

and not under a delusion would make on the one hand, and as no honest and fair man would

accept on the other . . . ."  *McDonald*, 905 So. 2d at 1193 (¶13).  There are two types of

unconscionability: procedural and substantive.

**PROCEDURAL UNCONSCIONABILITY**

Procedural unconscionability may be proved by showing "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Taylor*, 826 So. 2d at 714 (¶13).  Plaintiff first argues that the arbitration clauses in the subcontracts are procedurally unconscionable because the clauses are hidden within the contract with no heading.  However, the language of the arbitration clauses is in the same font and size as the rest of the contracts, and this court cannot require that arbitration agreements be given special emphasis, since courts are prohibited from placing special requirements on arbitration agreements that are not placed on other types of contracts.  *See id.* at 713 (¶12).  Plaintiff also argues that the language in the clauses is complex and legalistic.  However, the clauses clearly provide: "Claims, disputes, and other matters in controversy between the Contractor and the Subcontractor (including any affiliates, agents, employees, representatives, and sureties of either of them) arising out of or relating to this Subcontract shall be decided by binding arbitration in accordance with the current and applicable rules and procedures of the American Arbitration Association . . . ."  (Ex. A-F to Yates' Mot. at ¶14.1).  This language is neither complex nor legalistic.

Plaintiff also argues that it did not have the opportunity to present the subcontracts to legal counsel.  Plaintiff has not submitted evidence in support of this assertion.  Furthermore, the subcontracts at issue were separately signed over a one and one-half year period of time, which provided Plaintiff with ample time to consult with legal counsel.  Additionally, Plaintiff asserts that the clauses were procedurally unconscionable because the primary language of Plaintiff's

principal, who signed the subcontracts, is Spanish.  Under Mississippi law, a person is charged

with knowing the contents of any document that he or she signs.  *Russell v. Performance Toyota,*

*Inc.*, 826 So. 2d 719, 726 (¶26) (Miss. 2002).  Thus, an individual's inability to understand a

contract because of his or her inability to read a contract is not a sufficient basis for concluding

that the contract is unconscionable or otherwise unenforceable under Mississippi law.  *Bailey*,

364 F.3d at 264-65; *see also, Equifirst Corp. v. Jackson*, 920 So.2d 458, 464 (Miss. 2006)("A

person cannot avoid a written contract which he has entered into on the ground that he did not

read it or have it read to him.").  Finally, it is important to note that the cases relied upon by

Plaintiff in support of its argument of procedural unconscionability concerned consumers who

were entering agreements with corporations, while the parties to the subcontracts at issue were

two corporations contracting for over six million dollars worth of drywall work.  Thus, the

subcontracts were arms-length transactions between two corporations.  Plaintiff has not

demonstrated that the arbitration clauses are procedurally unconscionable.

SUBSTANTIVE UNCONSCIONABILITY

     Substantive unconscionability may be proved by showing that the terms of the arbitration

agreement are oppressive.  *See Taylor*, 826 So. 2d at 714 (¶14). Plaintiff first asserts that the

arbitration clauses are substantively unconscionable since the subcontracts contain limitation of

damages provisions that prohibit Remza from recovering special, consequential, or punitive

damages.  The Mississippi Supreme Court has held that limitation of damages clauses in

adhesion contracts are generally unenforceable where the clauses limit only one party's damages.

*Vicksburg Partners, L.P. v. Stephens*, 911 So. 2d 507, 523-24 (¶43) (Miss. 2005).  The limitation

of damages provisions in the subcontracts at issue only limit the damages that Plaintiff can

recover, and have no effect on the damages that Yates can recover.  Therefore, they are unconscionable.  Nevertheless, pursuant to Mississippi law, unconscionable clauses should be severed from the remainder of the agreement, and do not affect the validity of arbitration clauses that are otherwise enforceable.  *Covenant Health Rehab of Picayune v. Brown*, 949 So. 2d 732, 741 (¶¶ 27-28) (Miss. 2007).  The Court finds that the limitation of damages provisions should be stricken as unconscionable, however the arbitration clauses are otherwise enforceable.[1]

Plaintiff also asserts that the arbitration clauses are substantively unconscionable because the subcontracts provide that Yates may elect to have claims heard in court in certain circumstances.  Specifically, the agreements provide:

> [I]f the Contractor in good faith believes that any claim, dispute, or matter in controversy with the Subcontractor also involves rights or liabilities of the Owner, Architect, or other third party, then, at the Contractor's sole election, the Subcontractor agrees to resolve such issues in the same forum or proceeding, including arbitration, court, or administrative authority, which has jurisdiction over some or all claims, disputes, and matters in controversy involving the Owner, Architect, or other third party so as to promote economy and avoid inconsistent results.

(Ex. A - F to Yates' Motion at ¶14.1).  The Court finds that this exception is not unconscionable for several reasons.  First, mutuality of obligation is not required under Mississippi law for an arbitration agreement to be enforceable as long as there is consideration.  *McKenzie Check Advance v. Hardy*, 866 So. 2d 446, 453 (Miss. 2004).  Additionally, the clause is reasonable due to the nature of the parties' business.  Furthermore, the clause requires Yates to exercise good faith in making the determination whether a particular dispute should be brought in court.

---

[1]Although attacks on matters unrelated to the arbitration clause are generally reserved for the arbitrator, the Mississippi courts have determined that the enforceability of limitation of damages clauses should be considered by the Court.  *See, e.g., Covenant Health Rehab of Picayune v. Brown*, 949 So. 2d at 741 (¶¶ 27-28); *Stephens*, 911 So. 2d at 523-24 (¶43).

Plaintiff also alleges that the arbitration clause is unconscionable since it requires that any arbitration must take place in Philadelphia, Mississippi, "unless the Contractor agrees to designate another locale to facilitate joinder of parties to consolidate claims, or for any other reason."  Plaintiff has not demonstrated that it would be unduly burdensome to assert its claims before an arbitrator in Philadelphia, Mississippi.  Moreover, this clause allows the parties the opportunity to agree upon an alternative venue if they wish.  Therefore, the Court finds that the forum selection clauses are not unconscionable.

## CONCLUSION

The limitation of damages clauses in the subcontracts at issue are unconscionable and therefore should be stricken.  However, the remainder of the subcontracts, including the arbitration clauses, are valid and enforceable.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant, W.G. Yates & Sons Construction, Inc.'s Motion to Stay Litigation and Compel Arbitration [4] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE